# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DOUGLAS GEER,
Plaintiff,

vs.

JACQUELINE GINOCCHIO,
et al.,
Defendants.

Case No. 1:17-cv-214

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southeastern Correctional Institution in Lancaster, Ohio, brings this civil rights action under 42 U.S.C. § 1983. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against the following defendants in Cincinnati, Ohio: prosecuting attorney Jacqueline Ginocchio; Price Hill police officers David Hall and John Dotson; and the Price Hill Police Department District #3. (*See* Doc. 1, Complaint, at PAGEID#: 13). Plaintiff alleges that on February 20, 2015, defendants Hall and Dotson and three other named individuals from Hamilton County Adult Probation entered a residence in Cincinnati, "broke open a safe belonging to [plaintiff] and after finding a stolen handgun inside, confiscated the safe and all items inside," and arrested plaintiff. (*Id.*, at PAGEID#: 14). Plaintiff further alleges that during his trial held on March 9, 2015, defendant Ginocchio "stated on record that [plaintiff] would get [his] property back" after plaintiff asked the judge for a stay so that he could retrieve his property. (*Id.*). Plaintiff claims that when his wife and daughter attempted to obtain the property a week later from the Price Hill Police Department, they were told they "needed something from the court" before the property could be released. (*Id.*). On June 30, 2016, plaintiff filed a petition for the return of his property with the trial judge, who issued an

3

"entry releasing [plaintiff's] property on 8-11-16, per Court of Appeals." (*Id.*, at PAGEID#: 15). Plaintiff states that he sent his sister and wife "to pick up property from Price Hill Police Dept. along with the judge order and power of attorney," but the "property has not been returned." (*Id.*). As relief, plaintiff requests the issuance of an order requiring that "all property inside the safe" be returned to him or, "if items are not return[ed]," $80,000 in cash. (*Id.*, at PAGEID#: 16).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court. In order to state a viable claim under 42 U.S.C. § 1983, plaintiff must allege facts showing that the defendant deprived him of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).

First, plaintiff has not stated a claim upon which relief may be granted against defendants Hall and Dotson. The only allegations in the complaint pertaining to those two individuals are that on February 20, 2015, they participated in the search of a residence and the seizure of the items inside a safe that belonged to plaintiff. (See Doc. 1, Complaint, at PAGEID#: 14). Plaintiff does not challenge the validity of the search and seizure, which included the seizure of a "stolen handgun" that apparently led to petitioner's arrest, prosecution and conviction on criminal charges. (*See id.*). In any event, any claim against Hall or Dotson stemming from that incident is time-barred because the search and seizure occurred over two years before plaintiff initiated this action by filing an *in forma pauperis* application together with his complaint dated March 25, 2017 (*see* Doc. 1, Complaint, at PAGEID#: 16). *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42

4

U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"). Although the statute-of-limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired). Plaintiff has not alleged any facts to suggest that Hall or Dotson participated in any way with the failure to return confiscated items belonging to plaintiff that the trial judge ordered in August 2016 to be returned to plaintiff. Therefore, Hall and Dotson should be dismissed as defendants in this action.

Second, plaintiff has failed to state a claim upon which relief may be granted against defendant Jacqueline Ginocchio. The only allegation in the complaint pertaining to the prosecuting attorney is that she informed plaintiff during his trial in March 2015 that he would "get [his] property back." (*See* Doc. 1, Complaint, at PAGEID#: 14). That allegation does not even remotely suggest that Ginocchio did anything improper or had any involvement in the alleged retention of property that was ordered to be returned to plaintiff by the trial judge in August 2016.

5

Third, plaintiff has not stated a viable claim against the Price Hill Police Department District #3 because the police department is not *sui juris* and, therefore, lacks the capacity to be sued under § 1983. *See, e.g., Hill v. Alliance Police Dep't*, No. 5:16cv290, 2017 WL 89346, at *8 (N.D. Ohio Jan. 10, 2017) ("A municipal police department is an administrative unit of a local government and as such is not sui juris because it lacks the power to sue, and cannot be sued absent positive statutory authority."); *Copen v. Noble Cnty.*, No. 2:13cv610, 2016 WL 687593, at *5 (S.D. Ohio Feb. 19, 2016) (citing *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007); *Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)) ("Under Ohio law, the . . . County Sheriff's Office and the [municipal] Police Department are not *sui juris* and do not have the legal capacity to be sued."). Even if the Court were to liberally construe the complaint as brought against Hamilton County or the City of Cincinnati, plaintiff has failed to state an actionable claim in the absence of any allegation that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated by the county" or municipality. *See Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09cv398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation) (quoting *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); citing *Petty*, 478 F.3d at 344), *adopted*, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) (Barrett, J.); *see also Winquist v. Macomb Cnty. Sheriff Mace Unit*, Civ. Act. No. 15-13234, 2016 WL 3900781, at *5 (E.D. Mich. June 20, 2016) (Report & Recommendation) (holding that the plaintiff had failed to state a claim against the county stemming from the retention of a computer that had been seized during the execution of a search warrant in the absence of an allegation that the retention of the computer "directly

resulted from the implementation of a County policy or custom"), *adopted*, 2016 WL 3878458 (E.D. Mich. July 18, 2016). *Cf. Baynes v. Cleland*, 799 F.3d 600, 620-22 (6th Cir. 2015).

Finally, to the extent that plaintiff claims unidentified Price Hill Police Department employees violated his constitutional rights by refusing to return his property despite the trial court's order requiring that the property be released to him, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. It is well-settled that in order to state a due process claim for the deprivation of property that resulted from a state employee's "random and unauthorized act," the plaintiff must allege facts showing that he lacked an adequate post-deprivation remedy to rectify the wrong. *See Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983) ("in a § 1983 case 'claiming the deprivation of a property . . . interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate'"). The *Parratt* doctrine applies to unauthorized deprivations of property whether the state employee acted negligently or intentionally. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

In this case, plaintiff has not alleged any facts showing that state post-deprivation remedies are inadequate or were unavailable to him. Indeed, it appears that he could have pursued relief in the underlying state criminal proceeding by way of a motion to compel compliance with the trial court's order or, alternatively, in a state-court tort action. *See, e.g., Gibson v. O'Connor*, No. 2:12cv120, 2012 WL 995641, at *4-5 (S.D. Ohio Mar. 22, 2012) (Report & Recommendation) (and cases cited therein), *adopted*, 2012 WL 1252966 (S.D. Ohio

Apr. 13, 2012); *State ex rel. Gains v. Go Go Girls Cabaret, Inc.*, 932 N.E.2d 353, 358-59 & n.1 (Ohio Ct. App. 2010) (pointing out that Ohio Rev. Code § 2945.67(A) "confirms that a motion for return of seized property is an available method to seek such a return and that the trial court in the criminal case is the proper court to rule on the motion"; also noting that some courts in Ohio have indicated that a replevin action is available as a remedy); *State v. Harris*, No. 99AP-684, 2000 WL 249161, at *2 (Ohio Ct. App. Mar. 7, 2000) (and Ohio cases cited therein) (recognizing that a "civil action for replevin is one method to seek the return of property wrongfully withheld by the state or other public entity" in Ohio, while also pointing out that courts in Ohio also "routinely address postconviction motions for the return of property previously seized"); *Besser v. Bryan*, No. 1828, 1992 WL 238905, at *5-6 (Ohio Ct. App. Sept. 22, 1992) (overruling assignment of error in which the appellant asserted that the trial court had erred in holding that the appellant could seek relief for a typewriter allegedly damaged by correctional officers in the Ohio Court of Claims). *Cf. Winquist, supra*, 2016 WL 3900781, at *6-7 (citing *Riddle v. Kent Cnty. Sheriff's Dep't*, No. 1:08cv1228, 2009 WL 365239, at *5-6 (W.D. Mich. Feb. 11, 2009)) (in an analogous case involving a Michigan county employee's denial of a request for return of property seized during the execution of a search warrant, the court held that the claim was "ripe for dismissal" because the plaintiff had not shown that he lacked post-deprivation state court remedies, which were available under Michigan law in the form of a post-judgment motion in the underlying criminal case or an independent action in the state court of claims).

Accordingly, for the foregoing reasons, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which

relief may be granted by this Court.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint (Doc. 1, Complaint) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 4/19/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOUGLAS GEER,
Plaintiff,

vs.

JACQUELINE GINOCHHIO,
et al.,
Defendants.

Case No. 1:17-cv-214

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc